Londa MOORE, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 96–3346.

United States Court of Appeals, Federal Circuit.

May 7, 1997.

David U. Fierst, Stein, Mitchell & Mezines, Washington, DC, argued, for petitioner. With him on the brief was Edith U. Fierst, Fierst & Moss, P.C., Washington, D.C.

Todd M. Hughes, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director. Of counsel on the brief Lorraine Lewis, General Counsel, and Murray M. Meeker, Office of General Counsel, Office of Personnel Management, Washington, D.C.

Before MAYER, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Londa Moore seeks an increase in the amount of the survivor annuity that she receives as a result of her late husband's government service, part of which was service as a federal law enforcement officer. The Office of Personnel Management (OPM) determined that she was not entitled to an increase in her annuity based on her husband's service as a law enforcement officer, and the Merit Systems Protection Board affirmed that decision. We reverse, on the authority of this court's decision in *Wassenaar v. Office of Personnel Management*, 21 F.3d 1090 (Fed.Cir.1994), and we remand with instructions that Ms. Moore's annuity be recalculated.

## I

Londa Moore is the surviving spouse of Fred Moore, a former federal employee who died at the age of 43. At the time of his death, he had 14.5 years of service as a federal law enforcement officer, preceded by 4.5 years in a non-law enforcement federal civil service position. He was therefore not eligible to retire at the time of his death. In order to take advantage of the special retirement provision for federal law enforcement officers, an employee must be at least 50 years old and must have completed at least 20 years of federal law enforcement service. *See* 5 U.S.C. § 8336(c)(1).

The surviving spouse of a federal employee under the Civil Service Retirement System is entitled to an annuity if the employee dies after at least 18 months of federal service. *See* 5 U.S.C. § 8341(d). The annuity is calculated by reference to the retirement annuity schedules in 5 U.S.C. § 8339. Thus, section 8341(d) provides that the surviving spouse of a deceased federal employee is entitled to an annuity "computed under section 8339(a)–(f), (i), (n), (p), and (q) of this title as may apply with respect to the employee."

In calculating Londa Moore's annuity, OPM looked to 5 U.S.C. § 8339(a), which provides an annuity equal to between 1.5 and 2 percent of the employee's average pay for each year of the employee's service. Ms. Moore argued, however, that she was entitled to a larger annuity, based on her husband's service as a law enforcement officer, and that her annuity should be calculated in part by reference to 5 U.S.C. § 8339(d)(1), which provides an annuity equal to 2.5 percent of the employee's average pay for each of the first 20 years of the employee's service as a law enforcement officer and 2 percent of the employee's average pay for each year thereafter.

Ms. Moore appealed OPM's decision to the Merit Systems Protection Board, which affirmed OPM's ruling. The Board held that because Ms. Moore's husband had died before reaching the age of 50 and before accumulating 20 years of service as a law enforcement officer, he would not have been eligible to retire under section 8336(c)(1), the special retirement provision for law enforcement officers. For that reason, the Board held that section 8339(d)(1), which provides for calculating annuities for law enforcement officer retirees, could not be used to calculate Ms. Moore's survivor annuity, either in whole or in part. The Board acknowledged this court's decision in *Wassenaar v. Office of Personnel Management*, 21 F.3d 1090 (Fed. Cir.1994), which held that the surviving spouse of a federal law enforcement officer was eligible for a law enforcement annuity under section 8339(d)(1), even though the employee was not eligible to retire under the law enforcement officer retirement provision at the time of his death. The Board distinguished *Wassenaar*, however, on the ground that in that case the employee was not yet 50 years old, but had completed the 20 years of law enforcement service necessary to qualify for law enforcement retirement, while in this case the employee was neither 50 years old nor had he completed 20 years of service as a law enforcement officer. This appeal followed.

## II

In *Wassenaar*, this court noted that the critical language of section 8341(d), which accords surviving spouses the right to an annuity, is ambiguous. *See* 21 F.3d at 1094. Section 8341(d) provides that the amount of the survivor annuity is to be calculated under the subsection of section 8339 "as may apply with respect to the employee." Section 8339, however, governs retirement annuities, and it is not obvious how the subsections of that provision apply to the calculation of survivor-

ship annuities. In particular, because the subsections of section 8339 all provide as a prerequisite for eligibility that the employee in question must be "retiring," the statutory language does not make clear how or whether particular provisions apply to an employee who was not eligible to retire at the time of his death.

The government argues that in order for a surviving spouse to qualify for a survivor annuity under section 8339(d)(1), the law enforcement officer's annuity provision, the employee must have been eligible to retire as a law enforcement officer under section 8336(c)(1). Otherwise, the government argues, the survivor annuity must be calculated under section 8339(a), the general annuity provision. As the government acknowledges, however, this court in *Wassenaar* rejected precisely that argument and held instead that "the issue of whether or not a deceased employee would have been entitled to a retirement annuity does not affect a surviving spouse's entitlement to a survivor annuity under section 8341(d)." 21 F.3d at 1093. After examining the language and legislative history of the survivor annuity provision of the statute, the court discerned no "intent by Congress to impose the retirement-specific requirements invoked by section 8339 when calculating survivor annuities pursuant to section 8341(d)." 21 F.3d at 1095; *see also id.* at 1096. The court concluded that because a literal reading of section 8339 would lead to absurd results as applied in the context of survivor annuities, "we can see no reasonable interpretation of the statute other than to ignore, for the purposes of calculating survivor annuities, the retirement-specific requirements invoked by the subsections of section 8339 referenced in section 8341(d)." 21 F.3d at 1096. Accordingly, the court concluded that by including the phrase "as may apply with respect to the employee" in section 8341(d), Congress intended the reference to the various section 8339 subsections "to be a convenient method of indicating which formula should be used to calculate a survivor annuity for a particular type of employee." 21 F.3d at 1097. In the case of a retirement annuity, the court held, "the employee must satisfy the particular age and service requirements specific to his type of employment." *Id.* By contrast, the court explained, the "triggering mechanism" for a survivor annuity is just that the employee must complete at least 18 months of civilian service before his or her death.

As noted, the Board sought to distinguish *Wassenaar* on the ground that the employee in that case had completed 20 years of federal law enforcement service, and thus had fulfilled one of the two prerequisites for retirement as a law enforcement officer, whereas the employee in this case had not fulfilled either prerequisite—age or tenure. The government does not urge that we embrace that distinction, but instead asks that this court reconsider *Wassenaar*.

As a panel, we are powerless to overrule *Wassenaar*, a decision of another panel of this court. Nor can we characterize the aspects of *Wassenaar* that govern this case as dictum. Although *Wassenaar* can be distinguished on its facts on the ground adopted by the Board—that the employee in *Wassenaar* had completed 20 years of law enforcement service, while the employee in this case had not—the analysis that the court employed in *Wassenaar* dictates a similar result here. The rationale of *Wassenaar* is that the "retirement-specific requirements" of section 8339 do not apply to survivor annuities. That analysis compels us to conclude that, in this case, the "retirement-specific requirements" of age and tenure as a law enforcement officer do not bar the application of section 8339(d)(1) to the period of Fred Moore's service for purposes of calculating his widow's survivor annuity, just as the "retirement-specific requirement" of age did not bar the application of section 8339(d)(1) for purposes of calculating Ms. Wassenaar's annuity.

With respect to the question of the appropriate relief, we agree with Ms. Moore that she is entitled to credit at the law enforcement officer's annuity rate for the 14.5 years of her husband's law enforcement service and credit at the ordinary civil service employee's annuity rate for the 4.5 years of her husband's non-law-enforcement service. We therefore reverse the decision of the Board and remand the case with instructions to recalculate Londa Moore's annuity by applying the formula of section 8339(d)(1) to the law enforcement portion of her husband's federal service.

*REVERSED AND REMANDED WITH INSTRUCTIONS.*