# United States Court of Appeals for the Federal Circuit

2007-3180

LINDA M. SPRINGER, Director, Office of Personnel Management,

Petitioner,

v.

JAMES R. ADKINS,

Respondent,

and

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for petitioner. With her on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief was Earl A. Sanders, Special Counsel, Office of General Counsel, Office of Personnel Management.

Emily Johnson Henn, Covington & Burling, LLP, of Washington, DC, argued for respondent, James R. Adkins. With her on the brief was Robert A. Long, Jr.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent, Merit Systems Protection Board. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:   Merit Systems Protection Board

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-3180

LINDA M. SPRINGER, Director, Office of Personnel Management,

Petitioner,

v.

JAMES R. ADKINS,

Respondent,

and

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board, in DE0842050280-R-1.

_____

DECIDED:  May 14, 2008
_____

Before NEWMAN, MAYER and LOURIE, <u>Circuit Judges</u>.

MAYER, <u>Circuit Judge</u>.

The Office of Personnel Management ("OPM") appeals the final decision of the Merit Systems Protection Board in Docket No. DE-0842-05-0280-R-1 granting James R. Adkins an increased annuity payment under the Federal Employees' Retirement System ("FERS").  Because the board correctly interpreted the statutes governing FERS in light of <u>Pitsker v. Office of Pers. Mgmt.</u>, 234 F.3d 1378 (Fed. Cir. 2000), we <u>affirm</u>.

BACKGROUND

Adkins served as a firefighter in the United States Air Force from October 8, 1976 until October 7, 1980. He then served as a civilian federal firefighter for 22 years spanning December 21, 1981 until December 13, 2003, when disability forced him to retire at 45 years of age. As a civilian firefighter, a portion of his wages was deposited into a Civil Service Retirement System ("CSRS") account until January 3, 1999, after which his account was converted to a FERS account, and a portion of his wages was deposited there. Under FERS, firefighters are considered a special employee class having "duties requiring young and physically able employees" and therefore are entitled to earlier retirement and an enhanced annuity. S. Rep. No. 99-166, at 6-7 (1985), as reprinted in 1986 U.S.C.C.A.N. 1405, 1411. Therefore FERS required him to deposit one-half percent more of his wages than he would have if he had been a regular employee. See 5 U.S.C. § 8422. Upon retiring on disability, Adkins began receiving retirement benefits in December of 2003.

In June of 2004, he requested OPM to provide him a comparison of his benefits as calculated under the disability annuity versus his benefits as they would have been calculated if he had been well enough to serve as a firefighter until normal retirement. In a July 26, 2004 letter, OPM responded, "[F]ormer agency records reveal that you had sufficient creditable Federal service for entitlement to a [non-disability] FERS firefighter annuity benefit." On August 10, 2004, Adkins requested that OPM recalculate his retirement annuity, but in an initial decision dated February 9, 2005, it denied his request. OPM again noted that had he "retired under the firefighters retirement provisions (and all of [his] civilian service qualified as firefighter service)," his annuity

would have been higher than the disability annuity he was receiving. In this way, OPM stated that Adkins was receiving the same benefits that federal employees in non-hazardous positions were receiving when they retired under disability. Adkins filed a timely request for reconsideration on March 7, 2005, again requesting recalculation of his annuity. In a final decision dated March 24, 2005, OPM denied his request, stating that he lacked the requisite age and years of service for normal, "Immediate Retirement" under FERS' "special Law enforcement/Firefighter provision," 5 U.S.C. § 8412(d).[1] Under OPM's interpretation, section 8412(d) requires the annuitant to have 25 years of creditable law enforcement or firefighter service, or at least 20 years of creditable service when the annuitant reaches age 50. OPM did not count Adkins' 4 years of military service to reach the 25 year cutoff leaving him ineligible under section 8412(d)(1). Even though he had 20 years of service at retirement, because he was only 45 years of age, OPM found him ineligible under section 8412(d)(2) as well.

Adkins, acting pro se, then appealed this final decision to the Merit Systems Protection Board. In an initial decision of the board, an administrative judge affirmed OPM's ruling, after which Adkins timely filed a petition for review to the full board. On May 30, 2006, the board denied the petition, but simultaneously reopened the case on

---

[1] 5 U.S.C. § 8412(d) (Immediate retirement) provides in pertinent part:
An employee who is separated from the service . . . --
    (1) after completing 25 years of service as a law enforcement officer, member of the Capitol Police or Supreme Court Police, firefighter, or nuclear materials courier, or any combination of such service totaling at least 25 years, or
    (2) after becoming 50 years of age and completing 20 years of service as a law enforcement officer, member of the Capitol Police or Supreme Court Police, firefighter, or nuclear materials courier, or any combination of such service totaling at least 20 years,
is entitled to an annuity.

its own motion to consider whether his disability annuity was originally computed correctly. The board found that OPM had miscalculated Adkins' retirement annuity. Adopting the Pitsker reasoning as it applied to the CSRS retirement program, the board held that when a firefighter retires under disability, FERS, too, requires computing the annuity under the enhanced calculus of 5 U.S.C. § 8415(d) without incorporating the age and time of service requirements of immediate retirement under section 8412(d). The board then ordered OPM to recalculate Adkins' annuity using the formula in section 8415(d), retroactive to when he became an annuitant. OPM sought reconsideration, arguing that the board erred in extending Pitsker to FERS and, specifically, that it misinterpreted 5 U.S.C. §§ 8415(d) and 8452(d)(1). The board denied the motion, and OPM appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must affirm a decision of the Merit Systems Protection Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). OPM's challenge to the board's statutory interpretation presents a question of law which this court reviews de novo. Lachance v. White, 174 F.3d 1378, 1380 (Fed. Cir. 1999). "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist., 541 U.S. 246, 252 (2004) (quoting Park 'N Fly, Inc. v Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985)).

The question presented in this case is analogous to that which was presented in Pitsker, 234 F.3d 1378: whether a federal firefighter who retires on disability before reaching 50 years of age and 20 years of service is entitled to receive an enhanced annuity computed under 5 U.S.C. § 8415(d)[2] as opposed to 5 U.S.C. § 8452(a)[3]. Whereas Pitsker concerned a federal law enforcement officer enrolled in the Civil Service Retirement System ("CSRS") and forced to retire under disability before fulfilling the age and time-of-service requirement, the present case concerns a federal firefighter enrolled in the FERS program and forced to retire under disability before fulfilling the age and time-of-service requirement. Specifically, as in Pitsker, we review whether the phrase "computed under section 8415" also requires disability annuitants to satisfy the immediate retirement age and years of service requirement of the statutes cross-referenced by 5 U.S.C. § 8415.

---

[2] 5 U.S.C. § 8415(d) (Computation of basic annuity) provides:
The annuity of an employee retiring under subsection (d) or (e) of section 8412 or under subsection (a), (b), or (c) of section 8425 is--
(1) 1 7/10 percent of that individual's average pay multiplied by so much of such individual's total service as does not exceed 20 years; plus
(2) 1 percent of that individual's average pay multiplied by so much of such individual's total service as exceeds 20 years.

[3] 5 U.S.C. § 8452 (Computation of disability annuity) provides in pertinent part:
(a)(1)(A) Except as provided in . . . subsection (b), (c), or (d), the annuity of an annuitant under this subchapter --
(i) for the period beginning on the date on which such annuity commences . . . and ending at the end of the twelfth month beginning on or after such date, shall be equal to 60 percent of the annuitant's average pay; and
(ii) after the end of the period referred to in clause (i), shall be equal to 40 percent of the annuitant's average pay.
* * *
(d)(1) The annuity to which an annuitant is entitled under this section ([after reducing by the amount of social security disability insurance benefits received]) shall not be less than the amount of an annuity computed under section 8415 (excluding subsection (g) of such section).

Computation of an annuity for a disabled annuitant under FERS requires leap-frogging among many complex and related provisions. Like its predecessor CSRS, FERS has three eligibility criteria: immediate retirement, mandatory retirement, and disability retirement. Those employees that reach a certain age and years of service in specified positions (including firefighters) enter mandatory retirement under 5 U.S.C. § 8425, while those employees that have 18 months of creditable service but are unable to continue their employment due to disability enter disability retirement under section 8451. All others may only retire when they reach the age and years of service criteria of immediate retirement under section 8412. Section 8451 (disability retirement) provides that "[a]n employee who completes at least 18 months of [creditable service] and has become disabled shall be retired on the employee's own application or on application by the employee's agency" if the employee is adjudged disabled by OPM. It continues, "(c) [a]n employee . . . retiring under this section is entitled to an annuity computed under section 8452." Section 8452 (computation of disability annuity) then provides that subject to a reduction for Social Security disability insurance benefits, the annuity is generally 60 percent of the annuitant's average pay for the first year followed by 40 percent thereafter, but that "(d)(1) [t]he annuity to which an annuitant is entitled under this section . . . shall not be less than the amount of an annuity computed under section 8415." Section 8415 presents the method of computing a basic annuity, computing an annuity schedule for normal employees under one formula, while computing the annuity schedule for certain enumerated employees, including firefighters, under different formulas.

The statutory structure for determining an annuity under FERS is analogous to that of CSRS discussed in Pitsker. This is not accidental, because FERS was designed to improve upon CSRS, with the disability section in particular having minimal differences to CSRS. See, e.g., S. Rep. 99-166, at 21 (1985), as reprinted in 1986 U.S.C.C.A.N. 1405, 1426 ("To minimize differences from the CSRS, the majority of standards and procedures applicable to [FERS] are identical to those of the CSRS."). CSRS has three eligibility sections which FERS mirrors, immediate retirement under 5 U.S.C. § 8336, mandatory separation under 5 U.S.C. § 8335, and disability retirement under 5 U.S.C. § 8337. CSRS is the source of FERS' enhanced treatment of firefighters and other occupations requiring youthful employees, and both allows them the same earlier retirement at 50 years of age and 20 years of service, see section 8336(c), and requires them to retire at 57 years of age and 20 years of service, see section 8335(b). Beginning in 1975, CSRS, like FERS, requires firefighters to deposit a half-percent larger portion of their salaries into their retirement accounts. See 5 U.S.C. § 8334(c). Calculation for disability retirement occurs pursuant to 5 U.S.C. § 8337(a), which includes a cross-reference to a standard calculation method in 5 U.S.C. § 8339(g), but allows the annuity to be "computed under" other enumerated sections should they result in a higher annuity, such as 5 U.S.C. § 8339(d) which was at issue in Pitsker. Section 8339(d) provides a formula for calculating annuities generally for employees "retiring under" sections 8335(b) (mandatory separation) and 8336(c) (immediate retirement). This is perfectly analogous to FERS section 8415(d), which provides a formula for calculating annuities generally for annuitants "retiring under" sections 8412(d) and (e) (immediate retirement) and 8425(a), (b), and (c) (mandatory

retirement).  In Pitsker, we held that when calculating an annuity under disability retirement in section 8339(d) pursuant to the rule in section 8337(a), CSRS disallows incorporating age and years of service requirements of immediate retirement from cross-referenced section 8336(c).  See Pitsker, 234 F.3d at 1383-84.  We reached this conclusion because of the plain language of the statutes and their legislative intent.  See id. at 1382-84.

The issue here is that the portion of FERS section 8415 concerning firefighters' annuities, subsection (d), cross references section 8412(d) (immediate retirement).  Just as in Pitsker, we find that the plain language of the statutes in view of the legislative intent disallows incorporation of the age and years of service requirements of 8412(d).  At first blush, it may seem appropriate to jump to section 8412(d) and note its age and years of service requirements which seem to render section 8415(d) inapplicable.  However, there are at least three reasons why incorporating the age and years of service requirements of section 8412(d) into the calculation of section 8415 violates the plain language of section 8452.

The primary reason is that section 8415 begins by stating its general use is in computing "the annuity of an employee retiring under this subchapter."  "This subchapter" refers to Chapter 84, Subchapter II, Basic Annuity, which includes section 8412 (immediate retirement), but not section 8451 (disability retirement).  An annuitant retiring under disability retirement is not retiring under immediate retirement.  Because disability retirement includes its own eligibility criteria based entirely on whether an employee is fit to perform his duties, it is clear therefore that in referencing section 8415 in section 8452(d), Congress did not intend to incorporate the age and years of service

requirements of immediate retirement under section 8412, but instead intended only to incorporate the formulas detailed in section 8415. This is analogous to our reasoning in Pitsker, where we said "[t]he phrase 'computed under' in section 8337(a) [disability retirement in CSRS] requires section 8339(d) [annuity computation] to be used for calculation only, without regard to section 8339(d)'s cross-references to other eligibility sections." Pitsker, 234 F.3d at 1382. Indeed, the argument is stronger in the case of FERS because Congress removed the reference to eligibility in FERS section 8452(d) which was in dispute in Pitsker. Compare 5 U.S.C. § 8452(d) ("The annuity . . . shall not be less than the amount of an annuity computed under section 8415") with 5 U.S.C. §8337(a) ("An annuity authorized by this section is computed under section 8339(g) of this title, unless the employee or Member is eligible for a higher annuity computed under section 8339(a) through (e), (n), (q), (r), or (s).") (emphasis added); see also Pitsker, 234 F.3d at 1383.

Secondly, where Congress intended to incorporate an eligibility requirement, it said so explicitly, as it did in section 8452(c) which reads:

> Except as provided in subsection (d), the annuity of an annuitant under this subchapter [Disability Benefits] shall be computed under section 8415 if--
> (1) such annuity commences, or is restored [after the annuitant reaches 62 years of age]; or
> (2) as of the day on which such an annuity commences, or is restored, the annuitant satisfies the age and service requirements for entitlement to an annuity under section 8412 (other than subsection (g) of such section).

5 U.S.C. § 8452(c) (emphasis added). In both prongs of section 8452(c), the age or years of service requirement is written directly into the statute. Section 8452(d) has no such explicit requirement. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that

Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (citations omitted).

Finally, incorporating the age and years of service requirements into this calculation would produce an absurd result, which is to be avoided if at all possible. See Pitsker, 234 F.3d at 1383 (citing Haggar Co. v. Helvering, 308 U.S. 389, 394 (1940)). Under an interpretation where the borrowed section 8415 incorporates the requirements of the cross-referenced section 8412, no firefighter retiring due to disability under section 8451 would be able to receive the enhanced annuity despite having paid a higher deduction into the system for which he cannot receive a refund unless he were simultaneously eligible to immediately retire under the non-disability section 8412. Indeed, there is no situation in which any portion of section 8415 could apply when borrowed by section 8452(d) unless the employee is also eligible to retire under section 8412, because each of section 8415's subsections states that the employee is retiring under a subchapter or section having the age and service requirements of section 8412. For example, section 8415(a) states that it applies to "an employee retiring under this subchapter," Subchapter II, Basic Annuity, which includes section 8412, and section 8415(d) states that it applies to "an employee retiring under subsection (d) or (e) of section 8412 or under subsection (a), (b), or (c) of section 8425," the latter of which itself requires meeting section 8412 eligibility. A reading requiring the incorporation of the age and service requirements of 8412 would therefore render section 8452(d) a nullity. Therefore, we hold that retirement under section 8451 does not incorporate the age and years of service requirements of section 8412 except where explicitly stated.

OPM argues that interpreting section 8452(d) in this way renders section 8452(c) superfluous because there is no reason a disabled firefighter annuitant meeting its requirements would need to use that section if he is already entitled to receive enhanced annuity benefits under sections 8452(d)(1) and 8415(d). This argument is flawed. Section 8452(c), like section 8452(d), is not limited to firefighters, but applies to any disabled employee. Unlike section 8452(d), which guarantees the annuity will be at least as large as one computed under section 8415, section 8452(c) <u>requires</u> calculating a disabled employee's annuity under section 8415 if the annuity commences or is restored when the employee is 62 years of age or is otherwise eligible for immediate retirement under section 8412. Thus, an employee meeting these 8452(c) criteria will not have an annuity calculated under the formula of section 8452(a). Section 8452(d), however, leaves this possibility available if calculating the annuity under section 8452(a) results in a greater annuity than if calculated under the appropriate subsection of section 8415.

OPM also argues that calculating a disabled firefighter's annuity in this way will grant him an unfair windfall. In support, it notes that section 8452(b) requires recalculation of an annuitant's benefits at age 62 to convert disability annuitants to voluntary retirement benefits, while section 8425 would require a working firefighter to retire at age 57.[4] In that final span of 5 years, a disabled firefighter may use his time on

---

[4] 5 U.S.C. § 8425 provides in relevant part:
(b)(1) A law enforcement officer, firefighter, or nuclear materials courier who is otherwise eligible for immediate retirement under section 8412(d) shall be separated from the service on the last day of the month in which that law enforcement officer, firefighter, or nuclear materials courier, as the case may be, becomes 57 years of age or completes 20 years of service if then over that age.

disability retirement as creditable service for use in calculating final benefits under section 8452(b). Therefore, a disabled firefighter would receive higher benefits than one who continued working. However, as Adkins rightly argues, a firefighter that was able to continue working until he was forced to retire at 57, would also have received periodic step increases in pay on top of cost-of-living adjustments for his service, as well as any promotions. The disability-retired firefighter in the same span would only receive cost-of-living adjustments pursuant to section 8452(d)(2). We see no windfall for the disability-retired firefighter to provide a reason to disregard the plain language of section 8452(d).[5]

Finally, OPM argues that the board erred by extending <u>Pitsker</u> to FERS. While we disagree, we believe FERS supports the conclusion we reach here on its own, with or without <u>Pitsker</u>. FERS has the same statutory structure that led us to reason that "computing under" a formula mentioned in a different section does not incorporate any eligibility requirements that different section may cross-reference. OPM is correct that the FERS and CSRS statutes are clearly different in the formulas by which they calculate annuities, but the actual FERS formulas, which were designed to coordinate with Social Security, are not at issue in this case. OPM fails to identify any relevant differences in <u>structure</u> that would prevent us from applying the same reasoning to FERS as we did with CSRS. Even the operative language we focused on in <u>Pitsker</u>,

---

[5] We cannot help but observe that, while OPM is concerned about a hypothetical windfall to a disabled federal firefighter in comparison to an able-bodied firefighter, it is apparently less concerned that a federal firefighter so injured in the course of his duties that he is forced to retire is being denied the benefits for which he paid extra each month.

"computed under" in CSRS section 8337(a), is identical and serves the same purpose in FERS section 8452(d).

## CONCLUSION

For the foregoing reasons, we conclude that under the plain language of the statute, the FERS disability annuity provisions require that a firefighter annuitant's benefits be the greater of that which is computed under 5 U.S.C. §§ 8452(a) and 8415(d) without incorporating the age and time of service requirements of section 8412. Accordingly, the decision of the board is affirmed.

## AFFIRMED.