**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DON J. PERMODA,

         Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,

         Agency.

DOCKET NUMBER
CH-0831-14-0810-I-2

DATE: January 5, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Don J. Permoda</u>, Grand Rapids, Michigan, pro se.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying his request for interest on his delayed annuity payment. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant is a former Air Traffic Controller for the Federal Aviation Administration.  *Permoda v. Office of Personnel Management*, MSPB Docket No. CH-0831-14-0810-I-1, Initial Appeal File (IAF), Tab 6 at 40.  In 2006, he submitted an application for disability retirement under the Civil Service Retirement System (CSRS), which was approved.  *Id*. at 17-20, 40-43.  The appellant did not meet the age and service requirements in place at that time for the special annuity computation associated with Air Traffic Controllers.  *Id*. at 6-7, 13; *see* 5 U.S.C. § 8412(e).  Years later, following a series of court cases, OPM issued new guidance concerning the retirements of several positions, including Air Traffic Controllers such as the appellant, providing for an Enhanced Disability and Survivor Annuity (EDSA).[2]  IAF, Tab 6 at 6-7, 13, 30; *see Springer v. Adkins*, 525 F.3d 1363 (Fed. Cir. 2008) (concluding that a Federal firefighter forced to retire under disability was entitled to an enhanced disability

[2] The agency's guidance can be found in its July 7, 2010 Benefits Administration Letter, 10-105, *available at* https://www.opm.gov/retirement-services/publications-forms/benefits-administration-letters/2010/10-105.pdf.

retirement annuity, without regard to the age and time of service requirements of an ordinary retirement); *Pitsker v. Office of Personnel Management*, [234 F.3d 1378](#) (Fed. Cir. 2000) (concluding that Federal law enforcement officers who qualified for disability retirement may qualify for enhanced retirement benefits, without regard to the age and time of service requirements of an ordinary retirement).  As a result, in 2012, OPM adjusted the appellant's future annuity payments and provided him with a lump sum payment of $60,406 ($48,324.80 after taxes) to account for the difference in his prior annuity payments.  IAF, Tab 6 at 30.

¶3      The appellant requested reconsideration of OPM's EDSA recalculation, asserting that OPM should provide him interest on his delayed benefits.  *Id*. at 21.  In its reconsideration decision, OPM denied the request because there was no statutory authority for the agency to pay interest in a case such as the appellant's.  *Id*. at 6-7.  The instant appeal followed, with the appellant again asserting that OPM should be required to pay him interest on his delayed benefits.  IAF, Tab 1 at 3; *Permoda v. Office of Personnel Management*, MSPB Docket No. CH-0831-14-0810-I-2, Appeal File (I-2 AF), Tab 2.[3]

¶4      After holding the requested hearing, the administrative judge affirmed OPM's reconsideration decision, finding that the appellant was not entitled to the interest he sought.  I-2 AF, Tab 31, Initial Decision (I-2 ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 5.  OPM has filed a response, and the appellant has replied.  PFR File, Tabs 8-9.

¶5      On review, the appellant argues that OPM unreasonably delayed paying him the proper annuity amounts and reasserts that he is entitled to interest on the

---

[3] To accommodate the appellant, the administrative judge dismissed the initial appeal without prejudice and later refiled it.  IAF, Tab 9, Initial Decision; I-2 AF, Tab 2.

difference between his annuity payments as originally calculated in 2006 and recalculated in 2012.[4]  PFR File, Tab 5 at 1-3.  We disagree.

¶6    When an appellant challenges an OPM reconsideration decision involving retirement benefits before the Board, he bears the burden of proof.  5 C.F.R. § 1201.56(b)(2)(ii).  The appellant must prove, by preponderant evidence, that he is entitled to the benefits he seeks.  *Id*.; *see Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008).  However, as a matter of law, payments of money from the Federal Treasury are limited to those authorized by statute.  *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990).

¶7    As he did below, the appellant argues that interest is authorized in situations analogous to his and he should be entitled to relief on equitable grounds due to the unreasonableness of OPM's delay in determining that he qualified for the EDSA.  PFR File, Tab 5 at 1-3.  For example, the appellant refers to 28 U.S.C. § 2672, which pertains to tort claims against the United States caused by a Federal employee, and 31 U.S.C. § 1304, which authorizes the payment of interest on certain court judgments.  *Id*. at 3.  He also compares his situation to those addressed in the Federal Erroneous Retirement Coverage Corrections Act (FERCCA), which applies to specific retirement coverage errors not directly applicable in this case.  *Id*.; *see Archer v. Office of Personnel Management*, 120 M.S.P.R. 68, ¶ 6 (2013) (discussing the limited applicability of FERCCA).

---

[4] The appellant's petition for review also refers to his discovery disputes with OPM, generally.  PFR File, Tab 5 at 3.  However, the petition did not specify what discovery he was improperly denied, if any, nor did it present any substantive allegation that the administrative judge committed an abuse of discretion.  *See Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007) (recognizing that an administrative judge has wide discretion over matters relating to discovery, and the Board will not reverse rulings on discovery matters absent an abuse of discretion).  Moreover, it appears that the appellant's discovery requests were primarily related to the reasonableness of OPM's delay in granting his EDSA, which we find irrelevant to our disposition in this appeal.  I-2 AF, Tab 10 at 4.

¶8      Even if we agreed that OPM acted unreasonably, it is well settled that the United States is immune from a claim for interest on a sum due in the absence of an express statutory provision. *Chappell v. Office of Personnel Management*, 55 M.S.P.R. 260, 263 (1992). The appellant has failed to identify any statute, and we are aware of none, that authorizes OPM to provide interest in a case such as his, where OPM initially granted his request for a disability annuity, then retroactively granted him an enhanced disability and survivor annuity at a later date.

¶9      To the extent that the appellant relies on equity and basic fairness for his claim of interest on delayed annuity benefits, our reviewing court has recognized that "such arguments have been unsuccessfully advanced many times before." *Lichtman v. Office of Personnel Management*, 835 F.2d 1427, 1428 (Fed. Cir. 1988) (denying a request for interest on a lump sum provided by OPM after the court found him entitled to annuity benefits OPM previously had denied because no provision of law permitted such interest). In the absence of express statutory authority for interest in a case such as his, the appellant is not entitled to the interest he seeks. *See, e.g.*, *Henderson v. Office of Personnel Management*, 88 M.S.P.R. 470, ¶ 7 (2001) (finding no basis to award interest on survivor annuity benefits where there was no statutory provision providing for such interest); *Maurer v. Office of Personnel Management*, 84 M.S.P.R. 156, ¶ 26 (1999) (finding that OPM correctly denied a request for interest on a CSRS lump sum benefit beyond that which was explicitly authorized by statute), *aff'd*, 236 F.3d 1352 (Fed. Cir. 2001); *Chappel*, 55 M.S.P.R. at 264 (finding that an appellant could not recover interest on a lump sum awarded as part of his CSRS annuity because Congress did not explicitly authorize such interest); *Kesselman v. Office of Personnel Management*, 47 M.S.P.R. 293, 296-97 (1991) (finding no basis to award interest on a lump sum retirement annuity beyond that which was explicitly required by statute, even if payment of the appellant's annuity was delayed). Accordingly, we find that the administrative judge correctly affirmed

OPM's reconsideration decision, denying the appellant's request for interest on his delayed annuity benefits.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.