NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL J. PYBAS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2020-1177

---

Petition for review of the Merit Systems Protection Board in No. AT-844E-19-0405-I-1.

---

Decided: October 8, 2020

---

MICHAEL J. PYBAS, Winter Haven, FL, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JEFFREY B. CLARK, LISA LEFANTE DONAHUE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before REYNA, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

The petitioner, Michael Pybas, a former law enforcement officer at the Federal Bureau of Prisons, challenges the determination of the Merit Service Protection Board that he is not entitled to an annuity supplement under 5 U.S.C. § 8421(a)(1).  We affirm.

BACKGROUND

Between April 21, 1991, and March 19, 2006, Mr. Pybas served as a law enforcement officer for the Federal Bureau of Prisons ("BOP").  J.A. 1.  During that time, he obtained coverage as a law enforcement officer in the Federal Employee Retirement System ("FERS"), but he became disabled before he reached the minimum age and years of service for retirement of law enforcement officers. At the age of 49, with 14 years, 10 months, and 28 days of service, Mr. Pybas retired as a disability retiree under 5 U.S.C. § 8451, which provides retirement benefits to employees who complete at least 18 months of qualifying service and are found to be unable, because of disease or injury, to render useful and efficient service in their position.  J.A. 2; 5 U.S.C. § 8451(a)(1).

After Mr. Pybas reached his minimum retirement age, he requested that the Office of Personnel Management ("OPM") recalculate his annuity to include a FERS annuity supplement.  OPM denied the request on the ground that as a "disability retiree," Mr. Pybas was not entitled to a FERS annuity supplement under 5 U.S.C. § 8421(a)(1). J.A. 19.

Mr. Pybas appealed OPM's decision to the Merit System Protection Board.  The Board affirmed, reasoning that § 8421 "expressly delineates what types of annuities are eligible for the FERS annuity supplement, and a FERS disability retirement annuity is unambiguously not one of them."  J.A. 3–4.  The Board rejected Mr. Pybas's arguments that Federal Circuit precedent required OPM to

grant him a FERS annuity supplement and that OPM was bound by representations made by a BOP Human Resource Officer who processed his application.  J.A. 4.

Mr. Pybas appeals the Board's decision.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court will affirm a decision of the Board unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).  Statutory interpretation presents a question of law, which we review de novo.  *Springer v. Adkins*, 525 F.3d 1363, 1366 (Fed. Cir. 2008).

At issue in this appeal is whether an employee who obtains disability retirement under 5 U.S.C. § 8451 is entitled to an annuity supplement under 5 U.S.C. § 8421 when he does not meet the age and service requirements in 5 U.S.C. § 8412.  Section 8421(a)(1) provides that "an individual shall, if and while entitled to an annuity under subsection (a), (b), (d), or (e) of section 8412, or under section 8414(c), also be entitled to an annuity supplement under this section."

Mr. Pybas contends that he is entitled to benefits under § 8421(a)(1) because he is entitled to an annuity under § 8412(d).  Section 8412(d), however, provides that an employee who is separated from service is entitled to an annuity under that section only if he has (1) completed 25 years of qualifying service; or (2) completed 20 years of qualifying service and reached the age of 50.  5 U.S.C. § 8412(d).  There is no dispute here that Mr. Pybas did not meet either of these conditions set forth under § 8412(d) because he retired from service after 14 years.

Contrary to these express statutory requirements, Mr. Pybas argues that disability retirees under § 8451 are

categorically entitled to benefits under § 8412(d) because of this court's statement in *Springer v. Adkins* that "retirement under § 8451 does not incorporate the age and years of service requirements of § 8412 except where explicitly stated." 525 F.3d 1363, 1369 (Fed. Cir. 2008). Mr. Pybas misreads that decision.

In *Springer*, this court was concerned with the interpretation of the phrase "computed under section 8415" in 5 U.S.C. § 8452. There, the disability retiree had contended, and the Board had agreed, that he was entitled to an annuity that was no less than the amount computed under § 8415. This was because § 8451(d) provided that disability retirees are entitled to an "annuity computed under section 8452," and § 8452(d)(1) in turn provided that "the annuity to which an annuitant is entitled under this section . . . shall not be less than the amount of an annuity *computed under* section 8415." *Springer*, 525 F.3d at 1367 (emphasis added). OPM had argued that because § 8415(d) stated that the formula set forth in that subsection applied to the "annuity of an employee retiring under subsection (d) or (e) of section 8412," a retiree must satisfy the age and service requirements set forth in § 8412 in order to receive an annuity "computed under" § 8415 and § 8452. *Id.* at 1368–69. Both the Board and this court rejected OPM's argument because there was nothing in the language of either § 8415 or § 8452 that suggests Congress intended to incorporate the requirements of § 8412 into those other provisions. *Id.*

In contrast, here, § 8421(a)(1) expressly provides that the supplemental annuity under that section is only available "if and while *entitled to an annuity under* . . . section 8412." § 8421(a)(1) (emphasis added). Unlike the "computed under" language in § 8452(d), the phrase "entitled to an annuity under" in § 8421(a)(1) is an express statement that Congress intended for the supplemental annuity under § 8421(a)(1) to be available only when the retiree satisfies the requirements set forth in the applicable referenced

statute, including the requirements in § 8412(d).[1]  Thus, the plain text of §§ 8421(a)(1) and 8412(d) make clear that Mr. Pybas is not entitled to a FERS annuity supplement because he failed to satisfy the age and service requirements of § 8412(d).  Disability retirement under § 8451 does not create an exception to those requirements.

Because Mr. Pybas's position is foreclosed by the statutory text, we cannot agree with his arguments based on legislative history and policy. *See Decosta v. United States*, 987 F.2d 1556, 1558 n.3 (Fed. Cir. 1993) (holding that "legislative history cannot override the plain meaning of a statute"); *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1352 (2018) (noting that a party's "policy argument" is "properly addressed to Congress, not this Court").

We also disagree with Mr. Pybas's argument that he is entitled to the FERS annuity supplement under 5 C.F.R. §§ 842.503, 842.208.  He does not dispute that the plain text of § 842.208 contains the same age and service requirements identified in 5 U.S.C. § 8412, which he does not satisfy.  Moreover, we cannot construe and enforce OPM's regulations contrary to the plain text of the governing statutes.

---

[1]   The other decisions on which Petitioner relies can be distinguished on similar grounds. *See Wassenaar v. Office of Personnel Management*, 21 F.3d 1090, 1092 (Fed. Cir. 1994) (interpreting the phrase "an annuity *computed under* section 8339(a)–(f), (i), (n), (p), and (q)" in 5 U.S.C. § 8341 as not incorporating the age and service criteria for eligibility identified in § 8336(c) even though that provision is referenced in § 8339(d)(1)); *Moore v. Office of Personnel Management*, 113 F.3d 216, 217 (Fed. Cir. 1997) (same).

CONCLUSION

We have considered Mr. Pybas's remaining arguments and find them to be without merit. For the reasons discussed above, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No Costs.